UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Matt Cooper, | Case No. 3:16-cv-1698 |
| Plaintiff | |
| v. | MEMORANDUM OPINION |
| Toledo Area Sanitary District, | |
| Defendant | |

Before me is the Rule 59(e) motion to alter or amend judgment filed by Defendant Toledo Area Sanitary District ("TASD"). (Doc. No. 43). Plaintiff Matt Cooper filed a memorandum in opposition to the motion, (Doc. No. 46), and TASD replied, (Doc. No. 47).

"A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.* 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). In this case, TASD alleges there has been a clear error of law. Specifically, TASD asserts I erred in failing to dismiss the case under Rule 12(b)(1) after making explicit findings that our court lacked jurisdiction. On further review, I agree.

In my previous opinion, I concluded Cooper's notice did not meet the requisite level of specificity required by the Sixth Circuit. (Doc. No. 38 at 5). But I did not dismiss the case, even though I noted in the opinion that, "[t]he Sixth Circuit holds [the Clean Water Act's] notice requirement to be a 'jurisdictional prerequisite' and noncompliance with this requirement requires

dismissal." (*Id.* at 3 (quoting *Bd. of Trs. of Painesville Tp. v. City of Painesville, Ohio*, 200 F.3d 396, 400 (6th Cir. 1999)). My failure to dismiss the case was a clear error of law.

Accordingly, over Cooper's objections, TASD's motion to alter or amend judgment is granted. (Doc. No. 43). Because the March 12, 2016 Notice, considered as a whole, did not adhere to the strict statutory compliance required by the Sixth Circuit, the complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. In turn, Cooper's motion to amend the complaint, (Doc. No. 48), and TASD's motion to stay, (Doc. No. 49), are each denied as moot. Cooper is granted leave to refile the claim proposed in the motion to amend the complaint as a related action.

So Ordered.

                                          s/ Jeffrey J. Helmick
                                          United States District Judge